# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00386-MOC

| | |
|---|---|
| MARION QUINTON BREWSTER, | )<br>) |
| Petitioner, | )<br>) |
| vs. | )      **ORDER** <br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Petitioner's "Federal Rule of Civil Procedure Rule 59(e) Motion to Reconsider, Alter, or Amend Judgment." [Doc. 4].

On January 9, 2017, Pro Se Petitioner Marion Quinton Brewster ("Petitioner") pleaded guilty without a written plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Criminal Case No. 3:16-cr-00220-MOC-DSC ("CR"), Doc. 18: Acceptance and Entry of Guilty Plea]. On August 8, 2019, Petitioner filed a 65-page Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, inclusive of exhibits and Petitioner's 32-page brief, raising eight claims for relief, including five different grounds for finding ineffective assistance of counsel and a claim of actual innocence under the Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). The Court, in a 21-page Order, denied and dismissed Petitioner's motion to vacate for failing to state a cognizable claim, fully addressing each of Petitioner's arguments.

On October 28, 2019, Plaintiff filed the pending motion. [Doc. 4]. Plaintiff argues that the Court should revisit its judgment to allow Plaintiff to more extensively argue the issues he raised and argued in his Section 2255 motion to vacate because, he contends, the "court has

unduely [*sic*] limited its scope of review in denying [*sic*] and dismissing petitioners § 2255 motion without a hearing…." [Id. at 2-4]. Plaintiff then goes on to present additional argument in support of his previous claim of ineffective assistance of counsel and actual innocence. [See id. at 5-20].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 4] is **DENIED**. Plaintiff's request for a certificate of appealability to the Fourth Circuit Court of Appeals is also **DENIED** for the same reasons stated in the Court's Order dismissing Petitioner's Section 2255 Motion to Vacate.

Signed: November 6, 2019

Max O. Cogburn Jr
United States District Judge